**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAROLD HARVEY HAWKS,

    Petitioner,

v.

ANTHONY P. KANE, Warden,

    Respondent.

ARNOLD SCHWARZENEGGER, Governor, BOARD OF PRISON TERMS, Real Parties In Interest

                                       /

No. C 05-02853 JSW

**ORDER DENYING MOTION TO DISMISS AND DIRECTING PETITIONER TO FILE MEMORANDUM OF LAW AND EXHIBITS IN SUPPORT OF PETITION**

This matter comes before the Court on consideration of Respondent Anthony Kane's ("Respondent") motion to dismiss the petition for writ of habeas corpus filed by Petitioner Harold Harvey Hawks ("Petitioner"). Having considered the motion, the opposition thereto, and relevant legal authority, the motion is DENIED.

**BACKGROUND**

On July 13, 2005, Petitioner filed a petition for writ of habeas corpus challenging the decision of the Board of Prison Term ("BPT") to deny Petitioner parole in November 2003.[1] Respondent moves to dismiss the petition on the following grounds: (1) that recent California Supreme Court authority interpreting California's parole scheme establishes that Petitioner has no federally protected liberty interest in parole and, therefore, the Court lacks jurisdiction over

---

[1] Petitioner has another case pending before this Court, Hawks v. Kane, 04-1822, challenging the denial of parole following a hearing in 2002.

the matter; (2) Petitioner has failed to show he was denied equal protection of the laws; and (3) the Petition is an improper pleading because it fails to include all grounds for relief.

## ANALYSIS

**A.     Petitioner Has a Federally Protected Liberty Interest in Parole.**

In general, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *McQuillion v. Duncan*, 306 F.3d 895, 901 (9th Cir. 2002) (citing *Board of Pardons v. Allen*, 482 U.S. 369, 377-78 (1987)*; Greenholtz*, 442 U.S. at 12).

The California statutory provision at issue provides, in pertinent part, that "[t]he panel or the board, sitting en banc, *shall* set a release date *unless* it determines that the gravity of the current convicted offense or offenses ... is such that consideration of the public safety requires a more lengthy period of incarceration for this individual and that a parole date, therefore, cannot be fixed ... ." Cal. Penal Code § 3041(b) (emphasis added). This "shall-unless" language is similar to the statutes that were at issue in *Allen* and *Greenholtz*. *See Allen*, 482 U.S. at 376 ("*Subject to the following restrictions*, the board *shall* release on parole ... any person confined in the Montana state prison or the women's correction center ... when in its opinion there is reasonable probability that the prisoner can be released without detriment to the prisoner or the community.") (quoting Mont. Code Ann. § 46-230201 (1985) (emphasis added and in original); *Greenholtz*, 442 U.S. at 11 ("[w]henever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it *shall* order his release *unless* it is of the opinion that his release should be deferred because ... ") (quoting Neb. Rev. Stats. § 83-1,114(1) (1976)) (emphasis added).

Recognizing the similarity between California's statutory scheme and the statutory scheme at issue in *Allen* and *Greenholtz*, the Ninth Circuit has held that "California's parole scheme gives rise to a cognizable liberty interest in release on parole. The scheme creates a

1  presumption that parole release will be granted unless the statutorily defined determinations are
2  made." *McQuillion*, 306 F.3d at 902 (internal quotations and citations omitted). That court
3  reiterated this holding in *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) ("[I]t is clear that
4  "California's parole scheme gives rise to a cognizable liberty interest in release on parole.")
5  (quoting *McQuillion*, 306 F.3d at 902).

6      Respondent contends that the California Supreme Court's decision in *In re Dannenberg*,
7  34 Cal. 4th 1061 (2005) undermines the Ninth Circuit's holdings in *Biggs* and *McQuillion*, and
8  Respondent relies in part on *Sass v. California Board of Prison Terms*, 376 F. Supp. 2d 975
9  (E.D. Cal. 2005) in support of this argument. This Court disagrees with the *Sass* court's
10 conclusion that the holding in *Dannenberg* clearly demonstrates California's parole scheme is
11 not mandatory. The issue presented in *Dannenberg* was whether the BPT was required to set
12 uniform parole dates under Section 3041(a) before it determined whether a particular inmate
13 was suitable for parole under 3041(b). *See Dannenberg*, 34 Cal. 4th at 1069, 1077. It
14 concluded the answer to that question was no. *Id.* at 1096. However, the *Dannenberg* court
15 used language throughout the opinion which suggests that it presumed an inmate retained a
16 protected liberty interest in the possibility of parole. *See, e.g., id.* at 1094 (noting continued
17 reliance on commitment offense "might thus also contravene the inmate's constitutionally
18 protected expectation of parole"), 1095 n.16 ("well established principles" regarding parole
19 discretion with deferential judicial oversight "define and limit the *expectancy* in parole from a
20 life sentence *to which due process interests attach*"). Furthermore, California courts addressing
21 the issue post *Dannenberg* continue to assume a protected liberty interest exists. *See In re Scott*,
22 133 Cal. App. 4th 573 (2005); *In re DeLuna*, 126 Cal. App. 4th 585 (2005).

23     Accordingly, this Court finds itself in agreement with a majority of courts that have
24 considered the impact of *Dannenberg* on the issue presented by Respondent's motion and
25 cannot find that the *Dannenberg* opinion represents a clear holding that California's parole
26 scheme is not mandatory. *See, e.g., Blankenship v. Kane*, 2006 WL 515627 at *3 (N.D. Cal.
27 Feb. 28, 2006) (citing cases). Accordingly, under the holdings of *McQuillion* and *Biggs*,
28

1  Petitioner has a federally protected liberty interest in parole, the Court has jurisdiction over this
2  matter. Accordingly, Respondent's motion is DENIED on this basis.

**B.     The Motion to Dismiss is Denied as Moot on the Equal Protection Argument.**

Respondent also moves to dismiss the petition arguing that Petitioner has failed to allege sufficient facts to demonstrate a denial of equal protection. Petitioner asserts in response that he is not pursuing an Equal Protection claim. Accordingly, Respondent's motion is DENIED AS MOOT on this basis. Taking Petitioner at his word, however, in answering the Petition, Respondent need not respond to any allegations with respect to violations of equal protection rights. (*See, e.g.,* Petition at 15:7-9.)

**C.     Respondent's Motion Is Denied With Respect to the Form of the Petition.**

Respondent's final argument with respect to its motion to dismiss is that Petitioner improperly incorporates argument and factual evidence from his related case and, therefore, the current Petition fails to set forth all grounds for relief. In response, Petitioner asserts that all facts supporting his claims with respect to the denial of parole in November 2003 are set forth in his motion. The Court's own review of the Petition demonstrates that Petitioner sets forth the factual bases underlying his claim. Accordingly, Respondent's motion is DENIED on this basis.

However, because this case involves a separate and distinct hearing from the hearing presented in case 04-1822, the Court HEREBY ORDERS Petitioner to file a memorandum of law in support of his arguments with respect to the 2003 hearing and to file any exhibits relied on in this proceeding that have not yet been filed in this case but that were filed in case 04-1822.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Petitioner shall file his memorandum of law and any additional exhibits by no later than April 21, 2006. There shall be no extensions of this deadline. As Petitioner acknowledges, the legal arguments in support of his Petition parallel those presented in support of case 04-1822, thus the Court expects this deadline shall not pose an undue burden on Petitioner.

It is FURTHER ORDERED that Respondent must file and serve on Petitioner on or before May 19, 2006, an answer conforming in all respects to Rule 5 of the Rules Governing

1  Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.
2  Respondent must file with the answer a copy of all portions of the administrative record that are
3  relevant to a determination of the issues presented by the petition.
4      If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the
5  Court and serving it on Respondent on or before June 16, 2006.
6      **IT IS SO ORDERED.**

8  Dated: March 29, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE