IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 05-2853 JSW

HAROLD HAWKS,

    Petitioner,

v.

ANTHONY P. KANE,

    Respondent.

**AMENDED ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

**This Order has been amended solely to reflect to correct case number.**

This matter comes before the Court upon consideration of the motion for leave to file a motion to reconsider filed on December 15, 2006, by Petitioner Harold H. Hawks ("Hawks"). Hawks seeks leave to file a motion for reconsideration pursuant to Northern District Local Rule 7-9 and pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).

Under local rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

Under Federal Rule of Civil Procedure 60(b), "upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of judgment."

Hawks seeks reconsideration of the judgment entered on November 21, 2006, upon this Court's denial of his petition for a writ of habeas corpus. Hawks contends that the law has changed materially and has been clarified since the Court issued its Order. To the extent Hawks relies on Rule 60(b), the Court has considered Hawks arguments in favor of reconsideration, finds them unpersuasive and finds no reason to amend or reconsider its judgment. To the extent Hawks relies on Local Rule 7-9, the Court also denies the motion because it was filed after entry of judgment and because the Court does not find that there has been a material change in the law since the Order was issued.

**IT IS SO ORDERED.**

Dated: December 20, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2