IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAROLD HAWKS,

    Petitioner,

v.

ANTHONY P. KANE,

    Respondent.

No. C 05-2853 JSW

**ORDER GRANTING MOTION FOR CERTIFICATE OF APPEALABILITY**

On December 19, 2006, Petitioner Harold Hawks filed a notice of appeal without filing a motion for certificate of appealability. The Court shall construe the notice of appeal as a request for a certificate of appealability.

Pursuant to 28 U.S.C. § 2255, "[a]n appeal may be taken to the court of appeals from the order entered on the motion [to vacate] as from a final judgment on application from a writ of habeas corpus." A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The certificate must indicate which issues satisfy this standard. *See id.*; 28 U.S.C. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Id.* at 484. This requires an overview of the claims in the petition and a general assessment of their merits. It does not require full consideration of the factual or legal bases adduced in support of the claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Nor does it require a showing that the appeal will succeed. *Id.*; *accord Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (issuance of COA is not precluded merely because petitioner cannot meet standard for actually obtaining habeas relief). The question is the debatability of the underlying claim, not the resolution of that debate. *Miller-El*, 537 U.S. at 342.

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983). *Slack*, 529 U.S. at 483. In *Barefoot*, the Supreme Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." *Id.* (citations and internal quotations omitted; emphasis in original).

The COA must indicate which issues satisfy the section 2253(c)(3) standard, and the Court of Appeals is limited to considering only those claims. *Hivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

The Court finds that Hawks' has met his burden to show a certificate of appealability is warranted as to whether the Board's decision to deny him parole violated his due process rights. As such his request for a certificate of appealability is GRANTED.

**IT IS SO ORDERED.**

Dated: December 20, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE